Rockingham
No. 7799

BOARD OF PORTSMOUTH POLICE COMMISSIONERS

v.

STATE OF NEW HAMPSHIRE DEPARTMENT OF LABOR
ROBERT M. DUVALL, COMMISSIONER
JOHN C. CONNORS
ROBERT T. FINNEY
PAUL F. HEBERT

November 16, 1977

*Griffin, Harrington, Brigham & Ritzo,* of Portsmouth (*Mr. James E. Ritzo* orally), for the plaintiff.

*David H. Souter,* attorney general, and *Anne E. Cagwin,* attorney (*Ms. Cagwin* orally), for the defendant New Hampshire Department of Labor.

*Malloy & Sullivan* and *James J. Barry, Jr.,* of Manchester (*Mr. Barry* orally), for the defendants John C. Connors, Robert F. Finney, and Paul F. Hebert.

Bois, J.   This is an appeal by the Board of Portsmouth Police Commissioners (the board) from a ruling of the Wage Hour Division of the State of New Hampshire Department of Labor (the department). This decision, which was not filed within the statutory fifteen-day period, RSA 275:51 (Supp. 1975), awarded to the three individual defendants wages for hours worked as punishment duty. All questions of law raised by the pleadings and by the decision of the department were reserved and transferred, without ruling, by the Superior Court (*Mullavey,* J.).

On the night of December 31, 1971, the defendant Finney came to the attention of the city marshal for allegedly drinking intoxicants while on duty. He was brought to the station that evening and questioned. On January 3, 1972, the officer was called to the office of the marshal, advised of his right to a hearing on the charge of drinking while on duty, and informed that he had a choice of waiving his right and accepting whatever disciplinary penalty that might be meted out. Officer Finney agreed to the waiver and the city marshal recommended two hundred hours of punishment duty to be worked out when needed by the department without pay. Punishment duty consists of performing extra hours of regular police work and is administered in accordance with the rules and regulations of the Portsmouth Police Department and with the working agreement between the board and the Portsmouth Police

Department Relief Association. The defendant did in fact work the two hundred hours between January 20, 1972, and November 2, 1972.

On March 18, 1976, defendants Hebert and Connors were assigned to patrol within the confines of a downtown beat in accordance with their general order. They were to be readily available at all times within their beat. It came to the marshal's attention that both defendants were in a restaurant outside of their prescribed area for a period in excess of forty minutes and that additionally they were hatless contrary to general order requiring officers to have their hats with them at all times.

On March 19, 1976, the marshal sent to the plaintiff board a report of the incident. Included was a recommendation that, if waivers of their rights to informal or formal hearings were signed by both officers, they each should be ordered to perform forty hours of punishment duty at the discretion of the marshal. Additionally, a letter of reprimand should be given each of them and a copy placed in their service file. Waivers were signed by both officers and on April 9, 1976, the plaintiff board met and approved the forty hours of punishment duty. Subsequently each defendant worked eight hours, without pay, toward the forty-hour requirement, then, along with defendant Finney, filed wage claims with the department. Relying on RSA 275:48 to recover compensation, they contended that they had worked overtime without compensation and cited the dates and hours on which they had performed punishment duty.

A hearing was held before the department on June 24, 1976. All parties were present and testimony given. On August 5, 1976, the department issued a decision allowing defendants Hebert and Connors to recover wages for the eight hours of punishment duty each performed. Officer Finney was allowed to recover the portion of the two hundred hours of punishment duty performed within a four-year period of time from the date of the filing of his wage claim.

RSA 275:48 provides as follows:

No employer may withhold or divert any portion of an employee's wages unless:

I. The employer is required or empowered to do so by state or federal law, or

II. The employer has a written authorization by the employee for deductions for a lawful purpose accruing to the benefit of the employee as provided in regulations issued by the commissioner,

III. The deductions are pursuant to any rules or regulations for medical, surgical, or hospital care or service, without financial benefit to the employer and openly, clearly, and in due course recorded in the employer's books.

The state argues that the statute is controlling in the instant case because wages are due under chapter 464, Public Laws of 1965, which in section 1 reads:

Compensation shall be paid for the time worked other than the standard work period at a rate to be determined by the police commission of the city of Portsmouth but in no case shall said compensation be computed at an amount less than the base rate of pay ....

The state buttresses its contention that wages are due (and so cannot be withheld under RSA 275:48) by reference to the working agreement between the board and the Police Relief Association. Section 19 of that agreement states:

Any duty requiring extension of the eight-hour work period will be considered as overtime.

Defendants further argue that none of the exemptions in RSA 275:48 is applicable here and so the award made by the department was proper.

Plaintiff, on the other hand, contends that RSA 275:48 is inapplicable to punishment duty. It asserts that no wages have ever been withheld from the officers because it was agreed from the outset that no wages for punishment duty would be paid. Plaintiff points out that punishment duty is standard practice in the Portsmouth Police Department. It is specifically permitted by the rules and regulations of the police department which state:

Punishment duty when ordered as a penalty for an offense will be performed under the direction of the City Marshal or a superior officer designated by him. Whenever any portion of the punishment duty as ordered has

been performed, the officer assigning it will report to the City Marshal in the next daily return the name of the man, the number of hours, and the character of the work done; and when the sentence has been completed he will so certify in such form as the City Marshal shall prescribe. Punishment duty will be in addition to all regular and extra work which he otherwise would have done.

Moreover, it contends that punishment duty is recognized by the working agreement, which acknowledges in section 3 that "the commission through the city marshal retains the rights and powers of municipal management and shall retain the right to issue rules and regulations governing the internal conduct of the police department," and in section 20 that "[i]t is expressly understood that the time spent on outside or private work details will not be counted in determining the number of hours worked for overtime purposes."

We hold that the award made by the department in the instant case was improper because punishment duty is not work for which wages are due.

The state concedes that RSA 275:48 and its argument are both based on the assumption that wages are in fact due. If punishment duty is "work" as defined in chapter 464, Public Laws of 1965, and the so-called working agreement, then wages must be paid and RSA 275:48 applies. It cannot be true, however, that wages are due every time work is done. A dedicated employee may stay late to finish work for his employer without contemplating overtime or other compensation. One may do volunteer work for another person or organization. We cannot say that in such situations, because work is done, wages must be due and paid. The statute must allow for cases where two parties agree that one will labor for the other without an expectation of pay. Needless to say, such an election on the part of an employee must be the result of a voluntary, uncoerced decision. Under such circumstances, the statute is inapplicable.

Here we note that the rules and regulations of the police department specifically provided for punishment duty without pay. This provision was impliedly acknowledged and acquiesced in by the Police Relief Association. The three officers were presented with a choice between working extra hours and being subjected to disciplinary hearings. They signed waivers and statements declaring they would, in lieu of submitting to the hearings, work the number of

hours recommended by the marshal. When informed of their penalties, they did in fact serve or commence to serve the duty without protest. Under these circumstances, we see no reason why a police officer may not freely and voluntarily elect to perform noncompensable duty to avoid a disciplinary hearing.

The state has argued that section 1 of chapter 464, Public Laws of 1965, mandates that compensation be provided whenever hours are worked in excess of forty per week. We are not persuaded that this is a proper interpretation of the statute, which we read as providing only the form and the specified rate of compensation when it is paid. Assuming, *arguendo,* that the chapter makes compensation obligatory, there is no reason why the provisions of that statute cannot be waived. RSA 275:50 prohibits waiver of any provision "of this act." RSA ch. 275. It prohibits agreements between employer and employees whereby wages owing and due may be withheld for reasons other than those specified in the statute itself. It does not, however, prohibit waiver of any right to receive wages at all.

In view of our finding that the award made by the department was improper, we need not decide any other issues presented.

*Remanded.*

LAMPRON, J., did not participate in the decision of this case; the others concurred.